UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

REBEKAH A. ATKINS,                        )
                                          )
                Petitioner,               )
                                          )
        v.                                )    No. 1:26-cv-01390-JPH-KMB
                                          )
MARION COUNTY PUBLIC DEFENDERS            )
AGENCY, et al.,                           )
                                          )
                Respondents.              )

**ORDER DISMISSING HABEAS PETITION, WARNING OF FILING
RESTRICTION, AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Rebekah Atkins is a pretrial detainee presently confined at the

Marion County Jail under state court cause numbers 49D34-2509-CM-027287

and 49D34-2505-CM-016139. She filed this petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 alleging that she has been kidnapped and held

illegally in "kangaroo court" proceedings. Dkt. 1 at 1.

Because the claims Ms. Atkins brings are not cognizable and frivolous,

this action is dismissed.

Also, Ms. Atkins is warned that if she continues to file frivolous habeas

corpus petitions, her current filing ban will be expanded to include habeas

actions.

## I.    Legal Standard

Rule 4 of the Rules Governing Section 2254 Cases in the United States

District Court provides that upon preliminary consideration by the district court

judge, "[i]f it plainly appears from the petition and any attached exhibits that the

1

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Even though Ms. Atkins brings her petition under Section 2241, "[t]he district court may apply any or all of these rules to a habeas corpus petition" not brought under § 2254. Rule 1(b) of the Rules Governing Section 2254 Cases.

Criminal defendants incarcerated by a state awaiting trial may seek a writ of habeas corpus from federal courts in limited circumstances. 28 U.S.C. § 2241(c)(3); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241."). In general, however, federal courts must abstain from interfering in state court criminal proceedings if the state court provides an adequate opportunity to raise the federal claims and "no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)). Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–92 (1973); *Younger*, 401 U.S. at 49; *Stroman Realty, Inc.*, 505 F.3d at 662.

## II.    Background and Discussion

Ms. Atkins is charged with harassment by using a computer network or other form of electronic communication in case 49D34-2509-CM-027287 and

2

with criminal trespass in case 49D34-2505-CM-016139. The Court takes judicial notice of the case summaries in both cases, available at mycase.in.gov, which reflect that both cases are currently scheduled for a jury trial on July 13, 2026. Ms. Atkins had previously been found incompetent, and her competency was restored on May 28, 2026. Ms. Atkins' counsel and the state, however, jointly moved to have her competency evaluated again, and a new competency evaluation was reviewed by the Court on July 2, 2026. Thus, it is not clear that these cases will proceed to the jury trial as presently scheduled.

In the petition, Ms. Atkins alleges that the judge presiding over her pending criminal cases has "committed kidnapping, criminal confinement, false arrest, [and] false imprisonment" and that she is being held for profit. Dkt. 1 at 1-2. She alleges that the judge engaged in forgery and counterfeiting in order to have her appeals dismissed and that she is being denied access to courts. *Id.* at 2, 4. She further accuses the judge of trying to murder her by not ordering the Marion County Jail to provide a certain diet. *Id.* at 12.

Ms. Atkins's petition does not raise an exhausted speedy trial or double jeopardy claim.[1] Thus, her claims are not cognizable.

Ultimately, her petition must be dismissed as frivolous. A petition is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An allegation is factually frivolous when it is "clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible."

---

[1] Ms. Atkins makes a passing reference to the fact that the judge has denied her access to the Court by denying her requests for "discovery, evidence, speedy trial rules, etc." Dkt. 1 at 10.

*Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (cleaned up). "Rule 4 enables the district court to dismiss a [habeas] petition summarily, without reviewing the record at all, if it determines that the petition and any attached exhibits either fail to state a claim or are factually frivolous." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Ms. Atkins's petition is factually frivolous, as her allegations that the judge has kidnapped her and wrongfully imprisoned her are based on her delusions. Accordingly, this action is **dismissed**.

Further, this is the second petition that Ms. Atkins has filed related to her pending criminal cases. *See Atkins v. Rokita, et al.*, No. 1:26-cv-00704-JRO-KMB, dkt. 10 (S.D. Ind. May 13, 2026) (dismissing petition because claims were unexhausted). The Court has a duty to deter repetitious and frivolous filings. "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). Frivolous filing behavior cannot be tolerated, and "the judicial authority to curb it is ample." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (collecting cases).

Ms. Atkins is already restricted from filing civil cases in this Court. *See Atkins v. Sharpe*, No. 21-1831, dkt. 9 (7th Cir. August 11, 2021) (imposing filing restriction); *In re: Rebekah A. Atkins*, No. 1:21-mc-00069-JRS-MG, dkt. 11 (S.D. Ind. Nov. 12, 2025) (noting that 2021 restriction is still active). The court **warns**

Ms. Atkins that this pattern of litigation must stop, or she risks that her filing restriction will be expanded to include habeas corpus actions.

### III.   Conclusion

For the foregoing reasons, this action is **dismissed as frivolous**. Because no jurist would disagree with the Court's resolution of this action, no certificate of appealability will issue. *See* 28 U.S.C. § 2253(c). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, the **clerk is directed** to send Ms. Atkins a copy of this Order to notify her that this matter has been dismissed.

Ms. Atkins's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted**. The motion to have her case decided by a district court judge rather than a magistrate judge, dkt. [3], is **granted**. The motion for service, dkt. [5], is **denied as moot** in light of the Court's dismissal of this action under Rule 4.

Ms. Atkins is warned that if she files another frivolous habeas petition or frivolous motion in one of her habeas actions, the Court will expand her filing restriction to include habeas actions.

Final judgment shall issue by separate order.

**SO ORDERED.**

Date: 7/7/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

5

Distribution:

REBEKAH A. ATKINS
2604961
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203